IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CECIL HOWARD, a/k/a ALONZO WHITEHEAD, | : : : | |
| Plaintiff, | : | |
| v. | : : | CASE NO. 5:12-cv-404-MTT-MSH |
| OFFICER BRADDY, *et al.*, | : : | |
| Defendants. | : | |

<u>ORDER AND</u>
<u>REPORT AND RECOMMENDATION</u>

Presently pending before the Court are Defendant Bates, Braddy, Dixon, and West's motion to dismiss (ECF No. 4) and Defendant Georgia Department of Correction and State of Georgia's motion to remand (ECF No. 7). For the following reasons, it is recommended that the currently pending motions be denied. However, after a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), it is recommended that some of the claims be dismissed. It is also ordered that Plaintiff show cause why his Complaint should not be dismissed in whole for an abuse of process for failing to disclose his litigation history.

## BACKGROUND

Plaintiff filed this action in the Superior Court of Baldwin County on September 5, 2012. In his Complaint he alleges that on May 11, 2012, while incarcerated at Riverbend Correctional Facility, Officer Braddy told her supervisor that Plaintiff had assaulted her, which resulted in Lieutenant West punching Plaintiff in the throat and slamming his head

into the wall several times. (Compl. 5, ECF No. 1-1.) Plaintiff claims that Officer Smith and Nurse Young were present at the time. Also, Plaintiff contends that he told the Warden about the assault after the fact and wrote a letter to the "Region Director." (*Id.*) Plaintiff went to medical after the assault and had headaches. (*Id.* at 8.) He claims that the doctor ordered an MRI, but that he was never taken for the MRI. (Compl. 8.)

Plaintiff has as defendants in the caption of his Complaint Officer Braddy, Sergeant Dixon, Sergeant Bates, Lieutenant West, "G.E.O.," Georgia Department of Corrections, and the State of Georgia. (Compl. 1.) However, in the section in the Complaint in which Plaintiff is supposed to list the each defendant, Plaintiff lists: Lieutenant West, Officer Braddy, Officer Glenn, Sergeant Bates, and Sergeant Dixon. (Compl. 4.) Furthermore, in his Complaint Plaintiff states that he has not begun or is beginning another "lawsuit in federal or state courts dealing with the same facts involved in this action or relating to [his] imprisonment." (Compl. 2.) Plaintiff seeks damages for cruel and unusual punishment in violation of the Eighth Amendment, i.e., Lieutenant West's alleged assault, deliberate indifference to his medical needs as a result of the assault, and for intentional infliction of emotional distress by Officer Braddy's actions in allegedly lying to Lieutenant West. (Compl. 6, 9.)

Along with his Complaint, Plaintiff filed in the Superior Court of Baldwin County a motion to proceed *in forma pauperis* (ECF No. 1-1 at 14) and a motion for appointment of counsel (ECF No. 1-1 at 12.) It appears from the record that these motions were not ruled upon prior to Defendant West, Dixon, Braddy, and Bates' (hereinafter "Riverbend Correctional Defendants") removal to this Court on October 9, 2012 (Notice of Removal,

2

ECF No. 1). (*See* Br. in Supp. of Mot. to Remand 3-4, ECF No. 7-1.) Defendants Georgia Department of Corrections and the State of Georgia (hereinafter "State of Georgia Defendants") moved by special appearance in opposition to Plaintiff's motion to proceed IFP in the Superior Court of Baldwin County.[1] (Br. in Supp. of Mot. to Remand 1-2, Ex. A, ECF Nos. 7-1, 7-2.) The State of Georgia Defendants move for remand to the state court claiming that they will lose the defense of objecting to the motion to proceed IFP because the filing fee was paid by the Riverbend Correctional Defendants upon removal. (*Id.* at 3-4.) The Riverbend Correctional Defendants move to dismiss this action claiming that Plaintiff has three-strikes and cannot therefore proceed IFP under 28 U.S.C. § 1915. (Br. in Supp. of Mot. to Dismiss 2-5, ECF No. 4-1.) Additionally, the Riverbend Correctional Defendants claim that removal is proper because the State of Georgia Defendants were not properly joined or served at the time of removal, and all defendants who were consented to the removal. (Resp. in Opp'n to Mot. to Remand 2, ECF No. 10.)

## DISCUSSION

I.  **Motion to Remand**

The Riverbend Correctional Defendants removed this action on October 9, 2012, with full consent of the then served Defendants. 28 U.S.C. § 1446 (b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.") The State of Georgia Defendants move to remand claiming that

---

[1] The State of Georgia Defendants moved by special appearance in the state court because they have not been served in that action. (Br. in Supp. of Mot. to Remand 1-2.)

they have not consented to removal and that the removal has denied them defenses in this matter.  (Br. in Supp. of Mot. to Remand 3-4.)   Specifically, the State of Georgia Defendants claim they will lose their ability to protest the motion to proceed IFP by removal and that this Court lacks jurisdiction over any state tort claims asserted against them.  (*Id.*)  Thus, they claim, the case should be remanded.  *See* 28 U.S.C. § 1448 (allowing later served defendants to move to remand the action).

Initially, the Court notes that it has original jurisdiction over the claims made by Plaintiff and that the Prisoner Litigation Reform Act (PLRA) three-strikes provision does not strip this Court of that jurisdiction.  *Lloyd v. Benton*, 686F.3d 1225, 1227-28 (11th Cir. 2012); *see also* 28 U.S.C. §§ 1331, 1441, 1446.  This case was properly removed pursuant to 28 U.S.C. § 1446(a) by the Riverbend Correctional Defendants because every properly served defendant consented to removal.  *See, e.g., Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 932 n.2 ("[The defendant] could remove without consent of the other defendant [the plaintiff] intended to sue, because that defendant was not served."); s*ee also* Notice of Removal 1.  The question therefore becomes whether there is any proper ground for remand, such as a defect in the removal procedure.  *See Lloyd*, 686 F.3d at 1228 ("We have also held that a district court exceeds its authority when it remands a federal claim on grounds not provided for in the controlling [removal] statute.") (alteration in original) (internal quotation marks and citation omitted); *see also* 28 U.S.C. § 1447(c).  The Court finds that there is not.

The Court recognizes that the State of Georgia Defendants will lose the three-strikes defense to the motion to proceed IFP.  This is not enough, in and of itself, to order

4

remand. These Defendants have admittedly not been properly served in this action. Instead, they appeared in the state court and this Court by special appearance specifically not waiving their defenses to jurisdiction or service of process. (Br. in Supp. of Mot. to Remand 1, Ex. A.) The provisions of 28 U.S.C. § 1448 allowing the State of Georgia Defendants to move for remand once served do not yet apply to them. Furthermore, as explained in detail below, it is recommended by this Court that the State of Georgia Defendants be dismissed from this action and service will not be ordered against them. Thus, under the specific facts of this case, it is recommended that the State of Georgia Defendants' motion to remand (ECF No. 7) be denied.

## II.     Motion to Dismiss

The Riverbend Correctional Defendants move to dismiss Plaintiff's complaint under 28 U.S.C. § 1915(g) because Plaintiff has accumulated three-strikes under the PLRA. (Br. in Supp. of Mot. to Dismiss 2-5.) In support of this argument, the Riverbend Correctional Defendants cite *Lloyd v. Benton*, 686 F.3d 1225 (11th Cir. 2012), which stands for the proposition that the three-strikes provision of the PLRA does not deprive a district court of original and removal jurisdiction. 686 F.3d at 1227. The Eleventh Circuit specifically declined "to determine whether the district court should dismiss the case or hear it on the merits upon remand." *Id.* at 1228.

*Lloyd* was on appeal from the Middle District of Florida case of *Lloyd v. Benton*, No. 3:10-cv-559. Upon remand, the Middle District of Florida ordered Plaintiff to amend his complaint and the action has proceeded on the merits. *See generally Lloyd v. Benton*, No. 3:10-cv-559 (M.D. Fla.). *Lloyd* therefore provides no support for the Riverbend

Correctional Defendants' assertion that Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(g). To the contrary, *Lloyd* on remand supports the opposite conclusion—that dismissal is inappropriate here.[2]

The Court agrees that dismissal under 28 U.S.C. § 1915(g) is inappropriate. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In other words, a prisoner is prohibited from proceeding *in forma pauperis* in an action if, on three prior occasions, his civil actions or appeals have been dismissed for frivolity, failure to state a claim, or as malicious. Here, the Plaintiff is not proceeding *in forma pauperis* because the Riverbend Correctional Defendants have paid the filing fee. The clear language of the statute applies solely to actions *in forma pauperis*. *See, e.g., Jae v. Stickman*, No. 12-1332, 2012 WL 5830633, at *1 (W.D. Pa. 2012) (discussing provisions of § 1915 and explaining that they "app[ly] only to *in forma pauperis* proceedings, and because Defendant [] paid the filing fee upon removal to this Court, Plaintiff is not proceeding *in forma pauperis*[]"). The Court will not construe 28 U.S.C. § 1915(g) to apply to non-*in forma pauperis* cases and the Riverbend Correctional Defendants have

---

[2] The Defendants in *Lloyd* have admitted that "[Lloyd's] status as a three-striker under 28 U.S.C. § 1915(g) is not at issue because the Defendants removed [the] case to federal court and paid the filing fee[.]" *Lloyd v. Benton*, No. 3:10-cv-559, Defs. Benton, Smith & Zucker's Mot. to Dismiss Pl.'s Am. Compl. 16, ECF No. 40 (Mar. 26, 2013).

provided no authority that would persuade the Court otherwise.³ Consequently, it is recommended that the Riverbend Correctional Defendants' motion to dismiss (ECF No. 4) be denied.

## III. Preliminary Review

Plaintiff attached an "Amended Motion and Retaliation Claim" (ECF No. 8-1) to his response to the Riverbend Correctional Defendants' motion to dismiss. This document appears to be an amendment to his Complaint which was filed in the Baldwin County Superior Court on October 5, 2012. It appears from the record before the Court that the Defendants did not answer Plaintiff's Complaint until October 9, 2012. Thus, Plaintiff's amendment is an amendment as of course which is allowed prior to the filing of a responsive pleading. Fed. R. Civ. P. 154(a)(1)(B). Plaintiff's complaint, as amended, is subject to preliminary review pursuant to the PLRA, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c)(1).

### A. The State of Georgia Defendants and GEO

Plaintiff has listed the State of Georgia, the Georgia Department of Corrections, and GEO in the caption of his Complaint. However, Plaintiff has failed to make any specific allegations against any of these defendants or otherwise state how they have violated any of Plaintiff's rights. Such claims are defective against these Defendants and they should be dismissed for failure to state a claim. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (affirming dismissal of defendants against whom the

---

³ The Court is puzzled as to Riverbend Correctional Defendants' strategic decision to remove this case to assert a three-strikes defense as they had available to them a Georgia three-strikes provision almost identical to the federal provision. *See* O.C.G.A. § 41-12-7.2.

plaintiff had made no specific allegations). It is therefore recommended that the State of Georgia Defendants and GEO be dismissed from this action.

      B.     The Riverbend Correctional Defendants

Plaintiff claims that the Riverbend Correctional Defendants subjected him to cruel and usual punishment in violation of the Eighth Amendment when Lieutenant West assaulted him, that they were deliberately indifferent to his severe medical needs by not providing him with an MRI and with stronger medications, and that they retaliated against him for complaining about the alleged assault. Initially, the Court notes that Plaintiff has amended his Complaint by dismissing Defendants Dixon and Bates. That leaves three defendants from Plaintiff's original complaint: Lieutenant West, Officer Braddy, and Officer Glenn. Plaintiff failed to make any allegations against Officer Glenn in his initial complaint but has asserted a claim in his amended complaint that Officer Glenn made false accusations against Plaintiff and retaliated against Plaintiff for filing a complaint by having him put in isolation when he did not actually assault any staff. (Am. Mot. & Retaliation Claim 1-2.) Plaintiff further states that both Officer Braddy and Officer Glenn wrote false disciplinary statements against him.

          1.     *Cruel and Unusual Punishment*

"The Eighth Amendment prohibition of cruel and unusual punishment requires prison conditions to meet a certain constitutional minimum." *Reid v. Sec'y, Fla. Dep't of Corr.*, 486 F. App'x 848, 851 (11th Cir. 2012). Prison officials are not allowed to engage in the "unnecessary and wanton infliction of pain." *Id.* Actions are considered to be unnecessary and wanton if they "are totally without penological justification." *Id.*

Taking Plaintiff's allegations as being true, he has alleged that Officer Braddy falsely told Lieutenant West that Plaintiff attacked Officer Braddy. Plaintiff states that this caused Lieutenant West to brutally assault him. Further, in his amendment, Plaintiff claims that Officer Glenn made similar allegations to those made by Officer Braddy because Officer Glenn is Officer Braddy's sister. Construing Plaintiff's allegations liberally, as the Court must do at this stage, Plaintiff has sufficiently alleged claims for cruel and unusual punishment against Lieutenant West, Officer Braddy, and Officer Glenn. It is recommended that, should Plaintiff's Complaint not be dismissed for abuse of judicial process as is discussed below, these claims be allowed to go forward.

## 2. *Deliberate Indifference to Severe Medical Needs*

In order to establish deliberate indifference, Plaintiff must show three things: (1) a serious medical need, (2) deliberate indifference to that serious medical need, and (3) causation. *Goebert. v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). To establish deliberate indifference to that serious medical need, "Plaintiff must show that a Defendant had (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* (alteration in original) (internal quotation marks and citation omitted). "Deliberate indifference may result not only from failure to provide medical care at all, but also from excessive delay[.]" *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010).

Plaintiff states in his Complaint that the "Doctor" ordered an MRI to look at his alleged injuries but that he is being denied that test and stronger medication. (Compl. 8-9.) He states that he has filled out multiple medical request forms, but that he has still not

9

been provided the treatment he seeks. (*Id.*) Even assuming that Plaintiff has alleged that he has a severe medical condition, i.e., his headaches, he has failed to allege that any of the Riverbend Correctional Defendants were aware of this severe condition, disregarded that risk, or did so by more than mere negligence. *See, e.g., Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008) (explaining that serious medical need is "one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment"). In fact, Plaintiff has not made any specific allegations regarding the Riverbend Correctional Defendants and his medical treatment at all other than to state that Officer Braddy asked a medical orderly to "do something about [Plaintiff] for cutting her during the assault[.]" (Compl. 8.) Consequently, it is recommended that Plaintiff's claims for deliberate indifference be dismissed for failure to state a claim.

### 3. Retaliation

Plaintiff alleges that Defendants Braddy and Glenn retaliated against him. Specifically he states that Officer Braddy lied to her supervisor to get him to assault Plaintiff and that she further lied on disciplinary reports concerning the assault. (Am. Mot. & Retaliation Claim 1.) Regarding Officer Glenn, Plaintiff alleges that after filing this action in the state court, Officer Glenn stated that she was "going to get him." (*Id.*) Plaintiff also alleges that Officer Glenn handcuffed Plaintiff when he was running near a fence inside Riverbend Correctional Facility. (*Id.* at 2.) Finally, Plaintiff contends that Officer Glenn conspired with another officer to have Plaintiff put in isolation for a false disciplinary report which states that Plaintiff assaulted staff. (*Id.*)

> To establish a claim for retaliation under section 1983
>
> a prisoner must show that (1) his speech was constitutionally protected; (2) he suffered adverse action such that the administrator's allegedly retaliatory conduct likely would deter a person of ordinary firmness from engaging in such speech; and (3) a causal relationship existed between that retaliatory act and the protected speech.

*Lovette v. Paul*, 442 F. App'x 436, 437 (11th Cir. 2011). Plaintiff only alleged protected speech is his filing of a complaint with the state court. Plaintiff has not contended that he made any protected speech which caused Officer Braddy to state that he had assaulted her. Plaintiff also fails to allege any protected speech which caused the alleged falsified disciplinary reports. Thus, it is recommended that Plaintiff's retaliation claims against Officer Braddy be dismissed.

Plaintiff does assert that in response for filing a civil action, Officer Glenn stated she was "going to get him." Presumably, Plaintiff contends that Officer Glenn was acting on her threat when she handcuffed him while running and when she had him put in isolation. Construed liberally, the Court recommends allowing Plaintiff's retaliation claim against Officer Glenn to proceed if this action is not otherwise dismissed for an abuse of judicial process.

## IV.   Abuse of Judicial Process

In reviewing Plaintiff's Complaint, the Court notes that Plaintiff falsely responded to the question of whether he had filed any state or federal lawsuits relating to the same facts or generally to his imprisonment. (Compl. 2.) Interestingly, Plaintiff initially checked "Yes" and then scratched through that and checked "No." (*Id.*) Question number 9 on the complaint form states:

11

>   OTHER THAN LAWSUITS ALREADY LISTED in questions 3 through 8,[4] have you ever begun or are you now beginning other lawsuits in federal or state courts dealing with the same facts involved in this action or relating to your imprisonment?

(Compl. 2.)

Contrary to Plaintiff's assertion, he has filed numerous lawsuits relating to his imprisonment and contemporaneously filed a federal lawsuit dealing with the same facts as in his state complaint. *See, e.g., Howard v. Beciddy*, No. 5:12-cv-370 (M.D. Ga. 2012) (case alleging same facts as in instant action); *Howard v. Upton*, No. 6:08-cv-25 (S.D. Ga. 2008); *Howard v. Hays State Prison*, No. 1:07-cv-1666 (N.D. Ga. 2007); *Whitehead v. Glenn*, No. 1:05-cv-284 (N.D. Ga. 2005); *Whitehead v. Barrett*, No. 1:99-cv-2707 (N.D. Ga. 1999).[5]  In some of these Complaints, Plaintiff has been forthright about his previous actions, but in some he has failed to list any or every prior action. *See Howard v. Beciddy*, No. 5:12-cv-370, Compl. 2-3 (M.D. Ga. Sept. 17, 2012) (failing to list all previous actions); *Whitehead v. Glenn*, No. 1:05-cv-284, Compl. 1 (N.D. Ga. Jan. 31, 2005) (Plaintiff checked "no" in response to inquiry regarding any previous state or federal lawsuits regarding his imprisonment); *Howard v. Hays State Prison*, No. 1:07-cv-1666, Compl. 1 (N.D. GA. Jul. 18, 2007) (same).  Subsequent to filing this action, Plaintiff filed another complaint in the Middle District of Georgia where he failed to fully disclose his litigation history. *See Howard v. Beciddy II*, No. 5:12-cv-399, Compl. 2-3 (M.D. Ga. Oct. 9, 2012) (disclosing only two prior state actions and three Northern

---

[4] These questions refer to Plaintiff's criminal case(s), appeals, and collateral attacks. (Compl. 1.)

[5] This list is not in any way an exhaustive list of Plaintiff's actions.

District actions).  In each of these cases, including the case at bar, Plaintiff has sworn under penalty of perjury that his Complaint was true and correct.  (*See, e.g.,* Compl. 7.)  Thus, it appears that Plaintiff has a history of failing to be completely honest with the Court concerning his prior litigation.

The Eleventh Circuit has previously upheld a district court's right to dismiss a complaint as a sanction for abuse of process when the plaintiff was dishonest regarding his litigation history.  *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).  "A district court may impose sanctions if a party knowingly files a pleading that contains false contentions."  *Redmon*, 414 F. App'x at 225 (citing Fed. R. Civ. P. 11(c).)  Furthermore, "[a]lthough *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Id.* at 225-26.

It is clear from the record that Plaintiff knew he had filed previous lawsuits concerning his incarceration and that he was filing a lawsuit involving the same set of facts in the federal court.  However, Plaintiff answered dishonestly on his Complaint when asked about his litigation history.  Pursuant to Federal Rules of Civil Procedure Rule 11(c)(1), Plaintiff is hereby ORDERED to SHOW CAUSE why his Complaint should not be dismissed for putting false contentions in his Complaint in violation of Rule 11.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that the State of Georgia Defendants' motion to remand (ECF No. 7) be denied and the Riverbend Correctional Defendants' motion to dismiss (ECF No. 4) be denied. Upon a preliminary review it is RECOMMENDED that the Eighth Amendment cruel and unusual punishment claims remain pending as against Defendants Braddy, West, and Glenn and the First Amendment retaliation claim remain pending as against only Defendant Glenn. It is RECOMMENDED that all other Defendants and claims be dismissed. Furthermore, the Court believes that Plaintiff's Complaint may be subject to dismissal for an abuse of process. Plaintiff is therefore ORDERED to SHOW CAUSE within fourteen (14) days as to why his Complaint should not be dismissed as a sanction as described above. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Court within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 11th day of September, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE