IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL HOWARD a/k/a ALONZO WHITEHEAD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-404 (MTT) ) |
| OFFICER BRADDY, *et al.*, | ) ) |
| Defendants. | ) ) |

# ORDER

Before the Court is the motion by Defendants State of Georgia and Georgia Department of Corrections for final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. 13). This Court dismissed these Defendants from this action and all claims against them on September 30, 2013. (Doc. 16).

Rule 54(b) provides that when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of them upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed. R. Civ. P. 54(b). Generally, "[a] district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). "Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for

delay' in certifying it as final and immediately appealable." *Lloyd*, 483 F.3d at 777 (quoting *Curtiss-Wright*, 446 U.S. at 8).

In this case, a partial final judgment may be certified under Rule 54(b). On September 30, 2013, the Court adopted Magistrate Judge Stephen Hyle's recommendation (Doc. 13) to dismiss Defendants State of Georgia and Georgia Department of Corrections following a preliminary screening pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1). This completely disposed of the Plaintiff's claims against those parties and left unresolved only the Plaintiff's claims against Defendants Braddy, West, and Glenn. As such, the Court's order was "'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Lloyd*, 483 F.3d at 777 (quoting *Curtiss-Wright*, 446 U.S. at 7). Moreover, there does not appear to be any "just reason for delay" in certifying the judgment against Defendants State of Georgia and Georgia Department of Corrections as final and immediately appealable.

Accordingly, the Court finds a partial final judgment pursuant to Rule 54(b) is appropriate as to Defendants State of Georgia and Georgia Department of Corrections. Their motion is **GRANTED**.

**SO ORDERED,** this 11th day of October, 2013.

>S/ Marc T. Treadwell
>MARC T. TREADWELL, JUDGE
>UNITED STATES DISTRICT COURT