IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL HOWARD, a/k/a ALONZO WHITEHEAD, : : : | |
| Plaintiff, : | |
| v. : | CASE NO. 5:12-cv-404-MTT-MSH |
| : | |
| OFFICER BRADDY, *et al.*, : | |
| : | |
| Defendants. : | |

_____

## ORDER AND
## REPORT AND RECOMMENDATION

Presently pending before the Court are Plaintiff's three motions to appoint counsel (ECF Nos. 22, 24, 26.) Additionally, Plaintiff was previously ordered to show cause why his case should not be dismissed for abuse of the judicial process. (Order & Report & Recommendation 11-13, Sept. 11, 2013, ECF No. 13,.) Plaintiff responded to the Court's order to show cause (ECF No. 15) and Defendants move for a ruling on the show cause order (ECF No. 28).[1] It is now recommended that this case be dismissed for an abuse of judicial process.

### BACKGROUND

Plaintiff originally filed this action in the Superior Court of Baldwin County on September 5, 2012. The case was removed to this Court on October 9, 2012 by Defendants West, Dixon, Braddy, and Bates. (Notice of Removal, ECF No. 1.) After a preliminary review of the Complaint, only Plaintiff's Eighth Amendment claims against

---

[1] Defendant's motion for a ruling on the show cause order is granted.

Defendants Braddy, West, and Glenn for cruel and unusual punishment and First Amendment retaliation claims against Defendant Glenn survive.

Along with the preliminary review of Plaintiff's complaint, the Court noted that Plaintiff falsely responded to certain questions on his civil action complaint form. (Order & Report & Recommendation 11-13, Sept. 11, 2013.) Consequently, Plaintiff was ordered to show cause why his Complaint should not be dismissed for an abuse of the judicial process. Plaintiff responded on September 23, 2013 and sought the appointment of counsel. (ECF No. 15.) Plaintiff filed three subsequent motions for appointment of counsel (ECF Nos. 22, 24, 26) and Defendants now move for a ruling on the show cause order or alternatively to create a discovery and dispositive motion schedule (ECF No. 28).

## DISCUSSION

### I. Plaintiff's Motions to Appoint Counsel

Plaintiff seeks counsel in this case claiming he is indigent and cannot afford an attorney, that his *pro se* status necessitates the appointment of counsel, and that he is unable to move this case along "properly" without the appointment of counsel. (*See, e.g.*, Mot. Requesting Appointment of Counsel 1, ECF No. 24.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided,

the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motions for appointment of counsel are denied.

## II.   Abuse of Judicial Process

The Eleventh Circuit has upheld a district court's right to dismiss a complaint as a sanction for abuse of process when the plaintiff was dishonest regarding his litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). "A district court may impose sanctions if a party knowingly files a pleading that contains false contentions." *Redmon*, 414 F. App'x at 225 (citing Fed. R. Civ. P. 11(c).) However, "the court must make a finding of bad faith on the part of the litigant before imposing such sanctions." *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006). A party engages in bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* (quotation and citation omitted). Furthermore, "[a]lthough *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Redmon*, 414 F. App'x at 225-26.

As was previously explained in the September Report and Recommendation (ECF No. 13), Plaintiff falsely responded to the question in his Complaint of whether he had

3

filed any state or federal lawsuits relating to the same facts or generally to his imprisonment. (Compl. 2, ECF No. 1-1.) Question number 9 on the complaint form states:

> OTHER THAN LAWSUITS ALREADY LISTED in questions 3 through 8,[2] have you ever begun or are you now beginning other lawsuits in federal or state courts dealing with the same facts involved in this action or relating to your imprisonment?

(Compl. 2.) Plaintiff initially checked "Yes" and then scratched through that and checked "No." (*Id.*)

Contrary to Plaintiff's assertion, he has filed numerous lawsuits relating to his imprisonment and contemporaneously filed a federal lawsuit dealing with the same facts as in his state complaint. *See, e.g., Howard v. Beciddy*, No. 5:12-cv-370 (M.D. Ga. 2012) (case alleging same facts as in instant action); *Howard v. Upton*, No. 6:08-cv-25 (S.D. Ga. 2008); *Howard v. Hays State Prison*, No. 1:07-cv-1666 (N.D. Ga. 2007); *Whitehead v. Glenn*, No. 1:05-cv-284 (N.D. Ga. 2005); *Whitehead v. Barrett*, No. 1:99-cv-2707 (N.D. Ga. 1999).[3] In some of these cases Plaintiff has similarly failed to list any or every prior action. *See, e.g., Howard v. Beciddy*, No. 5:12-cv-370, Compl. 2-3 (M.D. Ga. Sept. 17, 2012) (failing to list all previous actions); *Whitehead v. Glenn*, No. 1:05-cv-284, Compl. 1 (N.D. Ga. Jan. 31, 2005) (Plaintiff checked "no" in response to inquiry regarding any previous state or federal lawsuits regarding his imprisonment); *Howard v.*

---

[2] These questions refer to Plaintiff's criminal case(s), appeals, and collateral attacks. (Compl. 1.)

[3] This list is not in any way an exhaustive list of Plaintiff's actions. In fact, it appears from the record in this case that Plaintiff has accumulated three strikes not only in the federal court but also in the Georgia state court. (*See* Mot. to Remand Ex. 2 at 14-7, ECF No. 7-2.)

*Hays State Prison*, No. 1:07-cv-1666, Compl. 1 (N.D. GA. Jul. 18, 2007) (same). Additionally, subsequent to filing this action, Plaintiff filed another complaint in the Middle District of Georgia wherein he failed to fully disclose his litigation history. *See Howard v. Beciddy II*, No. 5:12-cv-399, Compl. 2-3 (M.D. Ga. Oct. 9, 2012) (disclosing only two prior state actions and three Northern District actions). In each of the cases in which Plaintiff failed to fully disclose his litigation history, including the case at bar, Plaintiff has sworn under penalty of perjury that his Complaint was true and correct. (*See, e.g.,* Compl. 7.) It is thus clear to the Court that Plaintiff has a history of failing to be honest concerning his prior litigation and has acted in bad faith.

Plaintiff responds to the Order to Show Cause by stating that he misunderstood the question on the complaint form. (Explanation Letter for the Defense of Abuse of Judicial Process 1-2, ECF No. 15.) However, Plaintiff's history of falsely responding to questions concerning his prior litigation belies this assertion. It appears that Plaintiff has repeatedly attempted to avoid dismissal based on his three strikes by failing to disclose his litigation history on his complaints. Plaintiff has acted in bad faith and his Complaint in this case should consequently be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's motions to appoint counsel (ECF Nos. 22, 24, 26) are denied. Furthermore it is recommended that Plaintiff's Complaint be dismissed for an abuse of judicial process. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Court within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 14th day of July, 2014.

                                                S/ Stephen Hyles
                                                UNITED STATES MAGISTRATE JUDGE